RACHEL E. KAUFMAN (Cal Bar no. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID BENNING,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**GLOBAL PROCESSING SYSTEMS, INC.,** a California corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff David Benning ("Benning" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Global Processing Systems, Inc. ("GPS" or "Defendant") to stop GPS from violating the Telephone Consumer Protection Act by placing unwanted autodialed solicitation calls to consumers without their consent, and to otherwise obtain injunctive and monetary relief for all persons injured by GPS's conduct. Plaintiff alleges as follows upon

personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**INTRODUCTION**

1. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). 20. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

2. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

3. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

4. According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 alone, at a rate of 168.8 million per day. www.robocallindex.com (last visited April 9, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. *See id*.

5. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and

CLASS ACTION COMPLAINT
-2-

232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

**GPS**

6. GPS is a business payment processing provider that provides businesses with the ability to accept credit card payments by opening a merchant account.[1]

7. GPS markets its payment processing systems to businesses all over the country.

8. GPS agents are instructed to engage in cold calling in order to generate sales.

9. When soliciting business, GPS agents use an autodialer through which they place autodialed solicitation calls.

10. However, GPS is calling cell phone numbers using an autodialer without having the necessary prior express written consent that is required for making autodialed telemarketing calls.

11. In fact, GPS placed an autodialed solicitation call to Plaintiff's cellular phone number without consent.

---

[1] https://www.linkedin.com/company/global-processing-systems/about

CLASS ACTION COMPLAINT
-3-

12. In response to this call, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Defendant to cease from placing calls using an autodialer, as well as an award of statutory damages to the members of the Class.

**PARTIES**

13. Plaintiff is a resident of Woodland Hills, California.

14. Defendant GPS is a California corporation headquartered in La Verne, California. Defendant conducts business throughout this District, the State of California, and the United States.

**JURISDICTION AND VENUE**

15. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

16. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant solicits consumers in this District, does significant business in this District, and the wrongful conduct giving rise to this case occurred in this District. Venue is also proper because Plaintiff is located in this District.

**COMMON ALLEGATIONS**

**GPS Places Autodialed Calls to Consumer Cell Phones Without Consent**

17. GPS is a business payment processing company, which charges

businesses fees for processing credit card payments.

18. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

19. Yet in violation of this rule, Defendant fails to obtain any express written consent prior to placing autodialed solicitation calls to cellular telephone numbers such as Plaintiff's.

20. There are many complaints posted online about calls that consumers have received from Defendant, including numerous complaints about Defendant's use of an autodialer:

- "Caller asked about status of non-existent equipment at a business address associated with my number."[2]
- "This is merchant services a CC processing provider doing cold calls."[3]
- "They are now saying they are Global Processing Systems which is still a CC processing provider."[4]
- "Why are you guys calling me? I have never sought you out for any kind of business, and when I try to make sense of it by asking questions, some rude witch hangs up on me. What's your angle, or

---

[2] https://800notes.com/Phone.aspx/1-323-329-5033
[3] *Id.*
[4] *Id.*

CLASS ACTION COMPLAINT
-5-

- more to the point, what kind of scam are you running?"[5]
- "no SSL on the website, and numerous calls and I asked to be taken off their call list."[6]
- "Told the woman that call not call, that I was not interested and she told me that I had an attitude and that they will keep on calling whether I like it or not"[7]
- "Have called 5 times in one day."[8]

## PLAINTIFF'S ALLEGATIONS

### Plaintiff Received an Unsolicited Autodialed Call to His Cell Phone From Defendant GPS

21. On October 21, 2019 at 11:06 AM, Plaintiff received an unsolicited call from Defendant using phone number 323-329-5033 on his cell phone.

22. When Plaintiff Benning picked up the call, he noticed a significant pause before a live person came on the line, indicating the use of an autodialer.

23. The agent told Benning that she was calling from Global Processing about processing credit cards at a discount rate.

24. Benning asked the agent what her company phone number was and was told 866-823-1960. He then told the agent he wasn't interested and the call ended.

25. 866-823-1960 belongs to GPS:

---

[5] https://www.facebook.com/pg/GlobalProcessingSystems/reviews/?ref=page_internal
[6] Id.
[7] https://www.shouldianswer.com/phone-number/3233295033
[8] Id.

[Screenshot of Global Processing Systems "Contact Us" webpage showing: Canadian Businesses: Call 866-823.1960 (arrow pointing to number); Businesses outside North America: Call 866-823.1960 (arrow pointing to number). Sidebar menu: Agents, Contact Us, Thank You, Getting Started, Products & Services, Merchant Support, Learning & Resources, Frequently Asked Questions, Agent / ISO / Partners.][9]

26. Plaintiff does not have a relationship with GPS or any of its affiliated companies, and has never consented to any contact from Defendant.

27. Plaintiff believes the phone call that he received from Defendant was autodialed, due to the audible pause he heard when answering and due to the numerous consumer complaints that can be found online.

28. The unauthorized call placed by GPS, as alleged herein, has harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Plaintiff's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

29. Seeking redress for these injuries, Benning, on behalf of himself and a

---

[9] https://gprocessing.com/contact-us/

class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed calls to cellular telephones.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Placed by GPS

30. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone number, (3) using substantially the same calling equipment used to call Plaintiff, and (4) from whom Defendant claims they obtained prior express consent in the same manner as Defendant claims they obtained prior express from Plaintiff or from whom Defendant does not claim they obtained prior express consent.

31. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the

legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

32. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant used an automatic telephone dialing system to call Plaintiff and the members of the Class;

(b) whether Defendant made autodialed calls to Plaintiff and members of the Class without obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

34. **Adequate Representation**: Plaintiff will fairly and adequately

CLASS ACTION COMPLAINT
-9-

represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

35. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

# FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Autodialed No Consent Class)

36. Plaintiff repeats and realleges paragraphs 1 through 35 of this Complaint and incorporates them by reference herein.

37. Defendant and/or its agents placed unwanted solicitation calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class.

38. These solicitation phone calls were placed *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class.

39. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500 in damages for each violation of such act.

40. In the event that the Court determines that Defendant's conduct was willful or knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Class together with costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Dated: January 3, 2020

By: */s/ Rachel E. Kaufman*
Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff Benning
and all others similarly situated*